# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ORVAL GIBBONS,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00646-LRH-VPC

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#3) to reopen the case. The motion was filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

    The action was dismissed for nonpayment of the filing fee due to an internal administrative error regarding the status of the fee payment at the time of the dismissal. The motion to reopen therefore will be granted, and the matter will be reinstated. The Court accordingly proceeds to initial review under Rule 4 of the Rules Governing Section 2254 Cases. Following review, it appears that the petition is subject to dismissal as successive and/or untimely. Petitioner therefore will be directed to show cause why the petition should not be dismissed.

### *Background*

    The papers on file in this action and petitioner's prior habeas action together with the online docket records of the state supreme court reflect the following. The procedural recital below through March 2004 is drawn principally from the March 12, 2004, order of dismissal in No. 3:01-cv-00159-LRH-RAM and the copies of state court record materials filed as exhibits therein.

Petitioner William Gibbons challenges his 1979 Nevada state conviction, pursuant to a jury verdict, of first-degree murder, for the murder of Ernest Guest.

The Supreme Court of Nevada affirmed petitioner's conviction on direct appeal on October 26, 1981. *Gibbons v. State*, 97 Nev. 520, 634 P.2d 1214 (1981). Petitioner did not thereafter file a petition for a writ of *certiorari* in the United States Supreme Court.

On or about August 3, 1982, petitioner filed a first state post-conviction petition. The state district court denied the petition; and the state supreme court affirmed, in No. 15057.[1]

On April 26, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA), which, *inter alia*, adopted a one-year limitation period for federal habeas petitions, became effective.

On April 29, 1996, petitioner filed a second state post-conviction petition. The state district court denied the petition as untimely and successive; and the state supreme court affirmed on that basis, in No. 30087.

On May 26, 1998, petitioner filed a third state post-conviction petition. The state district court denied the petition as untimely and successive; and the state supreme court affirmed on that basis, in No. 34785.

Petitioner thereafter pursued a federal habeas petition in this Court in No. 3:01-cv-00159. This Court dismissed the petition with prejudice on March 12, 2004. The Court held that a number of grounds were procedurally defaulted, and it rejected the grounds that remained for disposition on the merits. The Ninth Circuit affirmed, and the order on mandate was filed in the record of this Court on April 24, 2006.

Nearly six years later, on March 29, 2012, petitioner filed a motion to correct an illegal sentence in the state district court. The state district court denied relief; and the state supreme court affirmed, in No. 61955. The remittitur issued on October 24, 2013.

On or about November 18, 2013, petitioner mailed the present federal petition to the Clerk of this Court for filing.

---

[1] Petitioner's subsequent federal petition in No. 3:91-cv-00009-ECR was dismissed without prejudice in April 1994 for lack of complete exhaustion. The dismissal in that action does not appear to have any bearing on the issues that are outlined in this show-cause order.

### *Discussion*

**Successive Petition**

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in this Court in No. 3:01-cv-00159. Both a petition denied on the merits and a petition denied on the basis of procedural default constitute a successive petition. *E.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). The prior federal petition was dismissed on both bases. The present petition thus constitutes a second or successive petition. Accordingly, petitioner must show cause why the present petition should not be dismissed without prejudice as a successive petition because he did not first obtain permission from the Court of Appeals for this Court to consider the petition.[2]

**Untimeliness**

A federal habeas petition challenging a judgment of conviction that became final before the passage of AEDPA must be filed, absent tolling or delayed accrual, within one year after the April 24, 1996, effective date of the Act. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, the second state petition that petitioner filed on April 29, 1996, was denied as untimely by the state courts. An untimely state petition is not "properly filed" for purposes of § 2244(d)(2) and thus does not statutorily toll the federal limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The second state petition therefore did not statutorily toll the federal limitation period.

---

[2]Given that the petition is untimely by nearly two decades, the Court does not find on the present record that a transfer of the petition to the Ninth Circuit rather than a dismissal without prejudice would be in the interests either of justice or efficient application of limited federal judicial resources. If petitioner wishes to pursue a successive petition at this late juncture, he can file an application to pursue a second or successive petition directly in the Court of Appeals. A dismissal rather than a transfer of the present petition will not materially impact the resolution of any timeliness issues on a federal petition, as the federal limitation period long since has expired.

Absent other tolling or delayed accrual, the federal limitation period therefore expired one year after the April 24, 1996, effective date of the AEDPA, *i.e.*, on April 24, 1997.

All of petitioner's subsequent state court filings were filed years after the federal limitation period already had expired absent other tolling or delayed accrual. Such filings, even if a particular state court filing otherwise might statutorily toll the federal limitation period, therefore could not render the present petition timely without a basis for additional tolling or delayed accrual that is not evident from the present record.

The federal petition therefore is untimely on its face.[3]

Petitioner therefore further must show cause in writing why the petition is not subject to dismissal with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

---

[3]Petitioner's prior federal petition in No. 3:01-cv-00159 was not subject to dismissal as untimely under the case law at that time because the Ninth Circuit had held that an untimely state petition was "properly filed" for purposes of § 2244(d)(2). Such circuit case law since has been abrogated by the Supreme Court's holding in *Pace* in 2005. *Pace* now controls.

1   Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual
2   innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*,
3   tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable
4   doubt.   *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Lee v. Lampert*, 653 F.3d 929 (9th Cir.
5   2011)(*en banc*).

6   IT THEREFORE IS ORDERED that petitioner's motion (#3) to reopen the case is GRANTED,
7   that the order and judgment of dismissal entered on February 13, 2014, hereby are VACATED, and that
8   this matter hereby is REOPENED.

9   IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.[4]

10   IT FURTHER IS ORDERED that the Clerk shall file the motion for appointment of counsel
11   submitted with the petition, with action on the motion being deferred at this time.[5]

12   IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall
13   SHOW CAUSE in writing: (a) why the petition should not be dismissed without prejudice as a
14   successive petition; and (b) why the petition further is not subject to dismissal with prejudice as
15   untimely.  If petitioner does not timely respond to this order, the petition will be dismissed without
16   further advance notice.  If petitioner responds but fails to show – with specific, detailed and competent
17   evidence – that the petition is not subject to dismissal, the petition will be dismissed without further
18   advance notice.

19   IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this
20   show-cause order must be detailed, must be specific as to time and place, and must be supported by
21   competent evidence.  The Court will not consider any assertions of fact that are not specific as to time
22   and place, that are not made pursuant to a declaration under penalty of perjury based upon personal
23   knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.

---

[4]Nothing in this order signifies that the petition is free of other deficiencies. *Inter alia*, petitioner did not use the Court's required petition form for the entirety of his pleading.  The present pleading instead is an amalgam of the required form and a copy of a state court filing.  The Court defers consideration of further deficiencies in the papers submitted until after it has determined whether the matter may proceed forward in the first instance.

[5]The Court does not find at this juncture that the interests of justice require the appointment of counsel during consideration of this show-cause inquiry.

Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

DATED this 28th day of February, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE