# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ORVAL GIBBONS,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00646-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#10) for an extension of time.

    On February 28, 2014, the Court directed petitioner to show cause why the petition should not be dismissed as successive and/or untimely. Petitioner seeks an initial extension of time of thirty days. Petitioner asserts that over the course of "several years" of transfers between institutions he has lost documents. He is seeking records from the state district court and former defense counsel. He suggests that "this may be a (lengthy) process." It thus would appear that petitioner ultimately will be seeking a far more lengthy extension of time.

    Petitioner was convicted 35 years ago. He previously pursued a petition in this Court in No. 3:01-cv-00159 that was dismissed with prejudice on the merits as to some claims and on the basis of procedural default as to others.

    The present petition is both successive and untimely on its face. The Court finds that it would be more efficient at this juncture to address only the issue of whether the petition should be dismissed as a successive petition. With regard to that issue, petitioner has not demonstrated a particularized need

for prior records and files from the state district court and state defense counsel in order to address the issue of whether the present federal petition must be dismissed as a successive petition. If the Court does not have jurisdiction over the current federal petition because it is successive, it will have no occasion to reach the untimeliness issue.

The Court therefore will grant petitioner's motion for an extension in part to the extent that the Court will give petitioner an additional thirty days, with no further extensions allowed, to respond to the successive petition only. Petitioner should note that he has not been ordered to file a "motion" to show cause. He instead should file a paper titled as a "Response to Order to Show Cause."   I T THEREFORE IS ORDERED that petitioner's motion (#10) for an extension of time is GRANTED IN PART and DENIED IN PART, such that petitioner shall have **thirty (30) days** from entry of this order to file a response to the prior show cause order on the successive petition issue only. The Court defers further consideration of the untimeliness issue at this time, and petitioner need not respond to the untimeliness issue in the show cause order at this time.

IT FURTHER IS ORDERED that the Clerk of Court shall SEND to petitioner, with a notation of such transmittal in this record, a copy from his prior action in No. 3:01-cv-00159 of his pleadings and attachments therewith (## 7 & 20), the order and judgment of dismissal (## 53 & 54), and the memorandum, appellate judgment, and order on mandate (## 66, 67 & 69) in that matter.

**No further requests for extension of time to respond to the successive petition issue in the show-cause order will be considered, absent extraordinary circumstances. If petitioner does not timely respond, the petition will be dismissed without further advance notice. If petitioner responds but fails to show that the petition is not subject to dismissal as a successive petition, the petition will be dismissed without further advance notice.**

DATED this 14th day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE