# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ORVAL GIBBONS,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:13-cv-00646-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is subject to dismissal as a successive petition, as well as on petitioner's motion (#9) for appointment of counsel. This order follows upon the Court's earlier show-cause order (#7), a subsequent order (#11) limiting the show-cause inquiry only to the successive-petition issue, and petitioner's response (#12) to the show-cause order as so limited.

*Background*

The papers on file in this action and petitioner's prior habeas action together with the online docket records of the state supreme court reflect the following. The procedural recital below through March 2004 is drawn principally from the March 12, 2004, order of dismissal in No. 3:01-cv-00159-LRH-RAM and the copies of state court record materials filed as exhibits therein.

Petitioner William Gibbons challenges his 1979 Nevada state conviction, pursuant to a jury verdict, of first-degree murder, for the murder of Ernest Guest.

The Supreme Court of Nevada affirmed petitioner's conviction on direct appeal on October 26, 1981. *Gibbons v. State*, 97 Nev. 520, 634 P.2d 1214 (1981). Petitioner did not thereafter file a petition for a writ of *certiorari* in the United States Supreme Court.

On or about August 3, 1982, petitioner filed a first state post-conviction petition. The state district court denied the petition; and the state supreme court affirmed, in No. 15057.[1]

On April 26, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA), which, *inter alia*, adopted a one-year limitation period for federal habeas petitions, became effective.

On April 29, 1996, petitioner filed a second state post-conviction petition. The state district court denied the petition as untimely and successive; and the state supreme court affirmed on that basis, in No. 30087.

On May 26, 1998, petitioner filed a third state post-conviction petition. The state district court denied the petition as untimely and successive; and the state supreme court affirmed on that basis, in No. 34785.

Petitioner thereafter pursued a federal habeas petition in this Court in No. 3:01-cv-00159. This Court dismissed the petition with prejudice on March 12, 2004. The Court held that a number of grounds were procedurally defaulted, and it rejected the grounds that remained for disposition on the merits. The Ninth Circuit affirmed, and the order on mandate was filed in the record of this Court on April 24, 2006.

Nearly six years later, on March 29, 2012, petitioner filed a motion to correct an illegal sentence in the state district court. The state district court denied relief; and the state supreme court affirmed, in No. 61955. The remittitur issued on October 24, 2013.

On or about November 18, 2013, petitioner mailed the present federal petition to the Clerk of this Court for filing.

***Discussion***

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. In the present petition, petitioner seeks to challenge the same judgment

---

[1] Petitioner's subsequent federal petition in No. 3:91-cv-00009-ECR was dismissed without prejudice in April 1994 for lack of complete exhaustion. The dismissal in that action does not appear to have any bearing on the issues that are outlined in this show-cause order.

of conviction that he previously challenged in this Court in No. 3:01-cv-00159. Both a petition denied on the merits and a petition denied on the basis of procedural default constitute a successive petition. *E.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). The prior petition was dismissed on both bases. The present petition thus constitutes a second or successive petition. Petitioner thus may pursue a petition only with permission from the court of appeals, which he has not obtained.

Petitioner's arguments in his show-cause response do not establish otherwise.

First, petitioner maintains that the state district court did not have jurisdiction to try and convict him in 1979 because the indictment allegedly did not provide fair notice because it allegedly failed to allege where the murder occurred. He urges that "jurisdiction can be challenged at any time."

Regardless of the basis for petitioner's challenge, petitioner must obtain permission from the court of appeals to pursue a successive federal petition after a prior petition was dismissed on the merits and/or on the basis of procedural default. There is no "jurisdictional exception" to § 2244(b)(3). Petitioner's reliance upon the proposition that jurisdiction can be raised at any time – from wholly inapposite case law – does not override the requirement in § 2244(b)(3) that he obtain permission from the court of appeals.

Second, petitioner contends that a court may hear a claim despite a procedural default where a failure to hear the claim would result in a fundamental miscarriage of justice because the petitioner is factually innocent. Petitioner makes a bare allegation that he is actually factually innocent, referring only to the alleged jurisdictional defect in the indictment.

The issue on the current show-cause inquiry is not whether any claim is procedurally defaulted. The issue instead is whether the petition should be dismissed without prejudice for lack of jurisdiction in the federal district court because petitioner did not comply with § 2244(b)(3) and obtain permission from the court of appeals to pursue the successive petition. Petitioner's argument regarding procedural default begs the question. To the extent that alleged actual innocence *arguendo* has a bearing on whether petitioner can obtain permission in the court of appeals to pursue a successive petition, he will have to make his argument to the court of appeals in the first instance.

Third, petitioner urges that this Court denied him access to the courts when it denied his request for an extension to allow him to obtain all of his records from the state courts prior to responding.

The Court provided petitioner a thirty-day extension, confined the show-cause inquiry to only the threshold successive-petition issue, and provided petitioner copies of the pertinent records from the prior federal habeas proceedings. State court records from intervals spanning over 35 years have absolutely no bearing on the question of whether the present federal petition is a successive petition as to which petitioner first must obtain permission from the court of appeals to pursue. Nothing in this Court's order allowing petitioner a reasonable amount of additional time to respond, focusing the inquiry on the threshold issue as to which only prior federal records are relevant, and further providing petitioner copies of those prior federal records in any sense has denied petitioner access to the courts or caused him substantial prejudice. The only pertinent issue is whether the petition is a successive petition, and petitioner advances no relevant argument based on the prior federal records that it is not.

The petition therefore will be dismissed without prejudice as a successive petition.[2]

The boilerplate form motion for appointment of counsel further will be denied. There is no Sixth Amendment right to appointment of counsel in a federal habeas action. The Court does not find that the interests of justice require the appointment of counsel on petitioner's clearly successive federal petition seeking to challenge to a 35 year old first-degree murder conviction.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice as a successive petition.

IT FURTHER IS ORDERED that petitioner's motion (#9) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the successive petition without prejudice to be debatable or wrong. Petitioner presents no relevant argument establishing that the petition is not successive, and petitioner has not obtained permission to pursue a second or successive petition in the court of appeals.

---

[2]Given that the petition is untimely by nearly two decades, the Court does not find on the present record that a transfer of the petition to the Ninth Circuit rather than a dismissal without prejudice would be in the interests either of justice or efficient application of limited federal judicial resources. If petitioner wishes to pursue a successive petition at this late juncture, he can file an application to pursue a second or successive petition directly in the court of appeals. A dismissal rather than a transfer of the present petition will not materially impact the resolution of any timeliness issues on a subsequent federal petition. The federal limitation period long since has expired, and any *arguendo* viable effort to overcome the limitation period at this juncture would not hinge upon the date on which this action was commenced.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 3rd day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE